*Rashid v. Sessions*
BIA
Sagerman, IJ
A087 468 025

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of October, two thousand eighteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SAJJAD RASHID,
> *Petitioner,*

v.                                                  17-992
                                                    NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Jacob A. Bashyrov, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sajjad Rashid, a native and citizen of Pakistan, seeks review of a March 9, 2017, decision of the BIA denying Rashid's motion to remand and affirming an October 6, 2016, decision of an Immigration Judge ("IJ") denying Rashid's application for relief under the Convention Against Torture ("CAT"). *In re Sajjad Rashid,* No. A 087 468 025 (B.I.A. Mar. 9, 2017), *aff'g* No. A 087 468 025 (Immig. Ct. Napanoch Oct. 6, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008). Rashid's convictions limit our review to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015).

To obtain CAT deferral—the only form of relief for which he was eligible—Rashid was required to demonstrate a likelihood that he would be tortured in Pakistan with government involvement or acquiescence. 8 C.F.R. §§ 1208.16(c), 1208.17(a), 1208.18(a)(1). We discern no legal or constitutional error in the agency's conclusion that Rashid failed to meet his burden of proof. The IJ did not err in excluding Rashid's late-filed evidence given that IJs have broad discretion to set and enforce filing deadlines, Rashid's counsel agreed to the hearing date and filing deadline, and Rashid did not establish good cause for the late filing. *See* 8 C.F.R. § 1003.31(c); *Dedji v. Mukasey*, 525 F.3d 187, 191-92 (2d Cir. 2008); *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007). Given the failure of counsel to timely submit evidence on Rashid's behalf, the IJ was left with only Rashid's bare-bones application, a case summary prepared by his lawyer, two news articles describing unrelated suicide bombings in his hometown, and the 2015 State Department human rights report. The IJ discussed this limited evidence, so it was not overlooked. And the IJ's reliance on the lack of corroborating evidence in denying CAT

3

relief was permissible. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof."); *Savchuck v. Mukasey*, 518 F.3d 119, 124 (2d Cir. 2008) (CAT claim resting on a chain of unsupported assumptions is too speculative to warrant relief); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear is "speculative at best.").

Nor do we discern any legal or constitutional error in the BIA's denial of remand. A motion to remand based on new evidence is subject to the same rules as a motion to reopen, and thus a movant's failure to proffer previously unavailable evidence or demonstrate his prima facie eligibility for relief are permissible grounds for denying a motion to remand. 8 C.F.R. § 1003.2(c)(1); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (a movant seeking remand must satisfy the "heavy burden of demonstrating that the proffered new evidence would likely alter the result in his case" (quotation marks omitted)); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005) (BIA may deny a motion to

remand for failure to provide evidence that was previously unavailable). We discern no legal error in the BIA's determinations that the evidence was previously available, and that the evidence would not change the outcome of the case given Rashid's burden to show that he would likely be tortured by or with the acquiescence of authorities in Pakistan.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5